UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-60137-WILLIAMS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

FIRST RESOURCE GROUP LLC and
DAVID H. STERN,

    Defendants.
_____/

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT DAVID H. STERN

The Securities and Exchange Commission having filed a Complaint and Defendant David H. Stern having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

## SECTION 17(a) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Stern, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act")[15 U.S.C. § 77q(a)] in the offer

or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,

(B) the trading volume or price of any stock,

(C) compensation to any person, or

(D) the prospects for success of any product or company.

II.

**SECTION 10(b) and RULE 10b-5 OF THE SECURITIES ACT**

**IT IS FURTHER ORDERED AND ADJUDGED** that Stern, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A) any investment strategy or investment in securities,

    (B) the trading volume or price of any stock,

    (C) compensation to any person, or

    (D) the prospects of success of any product or company.

### III.

### SECTION 15(a) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Stern, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78j(a)(1), directly or indirectly, by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

IV.

## PENNY STOCK BAR

**IS FURTHER ORDERED AND ADJUDGED** that Stern is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Stern is liable for disgorgement of $173,788.66, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $50,000 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Stern shall satisfy this obligation by paying

$223,788.66 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Stern may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Stern may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Stern as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Stern shall simultaneously transmit photocopies of evidence of payment and case identifying information to Amie Riggle Berlin, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making this payment, Stern relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Stern. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Stern shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Stern pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors. Stern shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Stern pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Stern's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Stern shall comply with all of the undertakings and agreements set forth in the Consent.

## VII.

## BANKRUPTCY AND NONDISCHARCHABILITY

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Stern, and further, any debt for disgorgement, civil penalty or other amounts due by Stern under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by

6

Stern of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction for 60 days over this matter and Stern in order to enforce the terms of this Judgment.

## IX.

## CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

## X.

## CONCLUSION

Upon review of the record and the Motion, it is **ORDERED AND ADJUDGED** that the Final Judgment is entered. This action is **DISMISSED**. The Court shall retain jurisdiction for 60 days from the date of this Order to enforce the terms of the Judgment. The Clerk is directed to **CLOSE** this case for administrative purposes

**DONE AND ORDERED** in Chambers in Miami, Florida, this 9th day of July, 2014.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

7